IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Earl W. Burkholder, et al.,                                          Case No. 3:02CV7422

              Plaintiffs

v.                                                                                  ORDER

Local 12, U.A.W., et al.,

              Defendants

      This is a fair representation suit by sixty members of the defendant Local 12, United Autoworkers and their employer, DaimlerChrysler Corporation [DC]. The suit involves a long-standing and continuing dispute about work assignments. The plaintiffs' principal target is their union, though DC necessarily would have to be a party to any relief that may be ordered.

      Pending is the plaintiffs' motion to compel production of employee work assignment statistical data covering nearly a ten year period. The parties have thus far generally cooperated with regard to discovery, though occasional discovery conferences have been required from time to time to resolve understandable, good faith disputes between them.

      In response to the instant request, DC objects on the basis of burdensomeness and expense, which DC estimates to require about eighty hours of work at a cost of about $3,000. DC also notes that data for much of the period requested is simply not available in either electronic or paper format.

      Plaintiffs assert that the information they seek goes to the heart of their case. From the description of the information that contention appears well-taken.

DC asks that the cost of production be shifted to the plaintiffs. It notes that thus far it has produced over 1770 documents in response to 126 requests for production of documents. It asks that the costs be shifted to the plaintiffs; if that request were granted, each of the sixty plaintiffs would have to contribute $48 each.

As a general rule, a producing party must absorb the expenses of complying with discovery requests. Courts have, however, sometimes shifted some or all of expenses to the party seeking production where the requests are unduly burdensome or expensive. *See, e.g., Rowe Entertainment, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002); *Williams v. E.I. du Pont de Nemours & Co.*, 119 F.R.D. 648 (W.D. Ky. 1987); *Medtronic Sofamor Danek, Inc. v. Michelson*, 2003 U.S. Dist. LEXIS 14447 (W.D. Tenn. 2003).

Here, the costs are nominal, but the request is broad-ranging and inherently burdensome. I agree with DC that, in this instance and under the unique circumstances of this case, which involves a large number of individual plaintiffs seeking very extensive monetary relief, it is appropriate, with regard to this particular request, to shift the costs to the plaintiffs. Having them individually bear this slight expense calls on them, as a practical matter, to confirm their stake in this proceeding. It also acknowledges the fact that DC, though the sole source of pertinent information, is to a substantial degree a bystander in this dispute between plaintiffs and their union.

To facilitate production, I suggest to plaintiffs' counsel that he notify the plaintiffs that, to bear the burden being imposed by this order, they each contribute $100 to a discovery fund. This will enable counsel to provide the reimbursement being ordered herein without the delay that might otherwise be caused by having to wait until all sixty plaintiffs made their contributions.

It is, therefore,

ORDERED THAT plaintiffs' motion to compel be, and the same is granted, to the extent pertinent data is available; plaintiffs to reimburse the defendant DC for costs of production in an amount not to exceed $2880.

So ordered.

>                               s/James G. Carr
>                               James G. Carr
>                               Chief Judge