IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Earl W. Burkholder, et al.,            Case No. 3:02CV7422

       Plaintiff,

v.            ORDER

Local 12 Int'l U.A.W., et al.,

       Defendant.

This is a fair representation suit by employees of the defendant DaimlerChrysler Corporation against it, their collective bargaining representative, Local 12 of the U.A.W., and the International U.A.W. The dispute relates to revised work assignments following the opening of a new plant in Toledo, Ohio.

Pending is the company's motion for an order directing that it be reimbursed additional amounts, beyond those already received from the plaintiffs, for the costs of producing information in response to the plaintiffs' discovery requests.

According to the company, its total expenses were $8,160, rather than the $3,000 estimated by the company before the original order to reimburse was entered. In that order, which responded to the company's contention that it is a nominal party that was being called on to engage in considerable work responding to the plaintiffs' discovery demands, I ordered each of the approximately sixty plaintiffs to contribute $100 to defray those costs of production.

The contribution directive was based on the company's estimate that about $3,000 would be expended in responding to plaintiffs' discovery requests. I desired to confirm each individual plaintiff's stake in this litigation and interest in remaining actively involved and engaged, while also

assuming that some of the plaintiffs might not participate. All in all, this seemed to be a fair response to the company's desire to be compensated for work that it was being called on to perform in litigation in which it is playing no substantial role.

Plaintiffs oppose the request for additional reimbursement, noting that they have already paid an initial $2880 in accordance with the company's original estimate.

The company's request for additional reimbursement shall be denied. The reimbursement paid thus far is what the company estimated would be required to cover the costs of production. While I assume that preparing a more exact estimate would have been difficult [and in itself time and resource consuming], I am loath to shift the burden of the additional expenses to the plaintiffs.

Denial of the company's instant request shall, however, be without prejudice to its ability to seek reimbursement from the remaining balance of the "$100 fund" for the costs of future responses to additional discovery requests.

It is, therefore,

ORDERED THAT the defendant DaimlerChrysler's motion for reimbursement of additional expense be, and the same hereby is denied, without prejudice.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge