IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Earl W. Burkholder, Jr., et al.,            Case No.: 3:02CV7422

    Plaintiffs,

    v.                                      ORDER

International Union United Automobile,
    Aerospace and Agricultural Implement
    Workers of America (UAW), et al.,

    Defendants.

This is a case regarding the exhaustion of internal union remedies by plaintiffs, who are sixty machine repair employees at DaimlerChrysler Corporation's Toledo North Jeep plant in Toledo, Ohio. Plaintiffs filed suit against Local No. 12, UAW, and DaimlerChrysler in response to layoffs occurring as a result of Local 12's allegedly giving preferential treatment to other skilled workers. [Doc. 68]. Plaintiffs sued before exhausting internal union remedies. The issue presently before me is whether the plaintiffs were excused from exhausting internal union remedies. Plaintiffs claim they are. [Docs. 160, 167]. Jurisdiction arises under 28 U.S.C. § 1331.

Pending is a motion for summary judgment on behalf of defendants UAW and Local 12. [Doc. 112]. I requested additional briefing on this point as it was not addressed in the initial pleadings. [Doc. 152].

For the reasons that follow, the motion will be granted.

**Background**

Until 1997, employees at the DaimlerChrysler Toledo facility were represented by either the UAW or the Mechanics Education Society of America (MESA). MESA represented machine trades employees, including some, but not all of the plaintiffs. The UAW represented other skilled trades, including electricians and millwrights.

In 1997, the MESA collective bargaining agreement expired and the employees formerly represented by MESA were incorporated into the UAW and became subject to its rules. When DiamlerChrysler decided to build its new Toledo North Jeep plant, problems arose as to which trade should do which work. Meanwhile, at the old plant, one product line was discontinued and another was reduced in volume, resulting in the layoff of 1,772 employees. The machine repair trade suffered the greatest losses. The layoffs began in August, 2001, and continued through August, 2002.

Plaintiffs allege that the UAW used its influence to ensure that machine repairmen, including plaintiffs, were laid off in greater number than other skilled trades, such as millwrights and electricians. Plaintiffs claim that they are excused from exhausting internal union remedies because: 1) there was hostility at every level of appeal; 2) the internal appeals process was unable to provide complete relief or reinstatement of their grievances; and 3) exhaustion would result in unreasonable delay in seeking judicial review.

**Summary Judgment Standard**

Summary judgment may be granted "where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollar v. R.J. Coffey Cup, LLC*, 2007 WL 2114674, *4 (N.D. Ohio) (citing Fed. R. Civ. P.

56(c)). For a dispute of material fact to be genuine, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The defendants, as movants for summary judgment, bear the burden of showing "the absence of a genuine issue of material fact as to at least one essential element" of plaintiffs' claim. *Hollar*, *supra*, 2007 WL 2114674, *4 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). In considering defendants' motion for summary judgment, I must accept plaintiffs' "evidence as true and draw all reasonable inferences in their favor." *Hollar*, *supra*, 2007 WL 2114674, *4 (citing *Celotex*, *supra*, 477 U.S. at 324). Defendants are also entitled to summary judgment if plaintiffs fail to make a "showing sufficient to establish the existence of an element essential to that party's case" for which they bear the burden of proof. *Celotex*, *supra*, 477 U.S. at 322-23.

## Discussion

Whether internal union remedies must be exhausted "is a matter of discretion for the trial court to decide." *LaPerriere v. UAW*, 348 F.3d 127, 131 (6th Cir. 2003) (citing *Clayton v. UAW*, 451 U.S. 679, 689 (1981)). In making its determination, the trial court should consider three factors:

> [F]irst, whether union officials are so hostile to the employee that he [or she] could not hope to obtain a fair hearing on his [or her] claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him [or her] the full relief he [or she] seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his [or her] claim.

*Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1240 (6th Cir. 1993) (citing *Clayton, supra*, 451 U.S. at 689).

If any of the three factors are present, "the court may properly excuse the employee's failure to exhaust." *LaPerriere*, *supra*, 348 F.3d at 131. If none of the factors are present, "failure to exhaust

3

union appeals bars suit not only against the union, but also against the employer." *Wagner v. Gen Dynamics*, 905 F.2d 126, 127 (6th Cir. 1990) (internal quotation marks and brackets omitted).

A plaintiff must present facts supporting the futility of his claim, as conclusory allegations are insufficient. *Dorn v. Gen. Motors Corp.,*131 Fed.Appx. 462, 469 (6th Cir. 2005) (employee presented "only assertions of futility" by claiming that "any appeal would have taken at least six years"); *Willetts v. Ford Motor Co.*, 583 F.2d 852, 856 (6th Cir. 1978) ("Appellant presents no facts, only conclusory allegations, that he could not obtain relief by utilizing internal union appeal procedures. Such argument is insufficient.").

Additionally, workers have a duty to learn about the union remedies and may not rely on the advice of a union representative. *Ryan v. General Motors*, 929 F.2d 1105, 1110 (6th Cir. 1989) ("It is well-settled that the opinion of a union representative cannot be construed as a waiver of the UAW's constitutional appeal requirements"); *Newgent v. Modine Mfg, Inc.*, 495 F.2d 919, 927-928 (7th Cir. 1974) (Union members have a "duty to become aware of the nature and availability of union remedies").

Here, plaintiffs claim they are excused from exhausting the internal appeals process due to hostility, inadequate relief, and delay.

**1. Hostility**

To be excused for failure to exhaust internal union, hostility must exist at every level of the appeal, *LaPerriere*, *supra*, 348 F.3d at 131, and the union procedures must be "biased against" the aggrieved employee. *See Farmer v. ARA Servs., Inc.*, 660 F.2d 1096, 1106 (6th Cir. 1981). The aggrieved employee must attempt to appeal even if there is hostility at the local level. *See*

*LaPerriere*, *supra*, 348 F.3d at 131 (concluding that requiring administrative exhaustion would have been futile because both local union and international union refused the pursue employee's claim).

The Sixth Circuit has held that the UAW appeals process is fair and reasonable and has repeatedly rejected claims of hostility on that ground. *See, e.g., Wagner*, *supra*, 905 F.2d at 128 ("[T]he plaintiff cannot show that the P[ublic] R[eview] B[oard] would deny him a fair hearing as contemplated in *Clayton*"); *Monroe*, *supra*, 723 F.2d at 24 n.3 (noting that the union member could not establish that the Public Review Board, "an independent group of academic and social agency persons with no UAW affiliation . . . would operate with any bias or ill will towards [him]"). *See also Clayton*, *supra*, 451 U.S. at 689 (noting that various lower courts have held that UAW internal appeals procedures are "fair and reasonable").

Plaintiffs fail meet the requisite showing of hostility at every level of the appeals process. To begin the process, a grievant files a grievance at the unit level. Appeals may be made to the local level, then to the Internal Union Executive Board, and then to either the Public Review Board (PRB) or the Convention Appeals Committee (CAC). If the unit or local fail to act or decide that the appeals process is untimely, the aggrieved employee may appeal to the International Union.

Plaintiffs claim there is hostility at the unit level as a result of undemocratic union meetings, which, plaintiffs contend, violated the Union's Ethical Practices Code. Plaintiffs failed to file an internal grievance for the alleged Ethical Practices Code violation; in any event, they now provide only conclusory allegations, rather than facts, as the rule requires, to support their claim of bias.[1]

---

[1]

The only "fact" as to hostility at the unit level is the union officials' failure to inform plaintiffs accurately about proper appeals procedure. Workers must, however, rely on themselves to become informed; they may not rely on representations by union officials. *See Ryan*, *supra*, 929 F.2d at 1110.

Appeals from the unit to the local are managed by members of the Local 12 Executive Board. There is no evidence of hostility at this level because the members of the Local 12 Executive Board selected to hear each appeal are not from the unit where the claim originated.

Plaintiffs also fail to support with facts their allegations that the International Executive Board would be hostile to their claims. The Public Review Board is impartial, though decisions, such as those underlying this litigation, regarding lines of demarcation may no longer be appealed to the PRB.

Therefore, because plaintiffs have not proved hostility at every level of the appeals process, nor shown that the union procedures are biased against them, they cannot be excused from exhaustion of internal union remedies on the basis of the hostility factor.

## 2. Inadequate Relief

A second circumstance that may excuse failure to exhaust internal union remedies is that the remedies would be inadequate to reactivate a grievance dropped by the union at an earlier level or provide the employee with complete relief. If either reactivation or complete relief is available, exhaustion is mandatory. *Wagner*, *supra*, 905 F.2d at 127 (citing *Clayton*, *supra*, 451 U.S. at 692). *See also Washington v. Ford Motor Co.*, 2002 WL 847987, *2 (6th Cir.) (declining to waive exhaustion requirement where internal union appeals procedures could provide employee with the relief – monetary damages – he sought).

Plaintiffs claim that complete relief cannot be achieved through the internal appeals process because appeal to the PRB is unavailable for decisions pertaining to lines of demarcation. Plaintiffs fail, however, to show facts that the remaining appeals options would not allow full relief or reinstatement of any abandoned grievances. They instead argue that full relief cannot be granted or

6

the grievance cannot be reinstated because the UAW has never shown that the union appeals process could provide full relief or reinstatement of the grievance.

Because plaintiffs offer only conclusory allegations, and fail to assert facts to support their allegations, they may not be excused from exhaustion of internal remedies on the basis of inadequate relief.

### 3. Delay

The third factor that a court must consider in evaluating whether it would be futile for an aggrieved employee to exhaust internal union remedies is whether exhaustion would unreasonably delay the employee's opportunity to seek judicial review of his or her claim. *Clayton*, *supra*, 451 U.S. at 689.

A court is unlikely to conclude that exhaustion is futile on this basis where the employee is, either partially or substantially, responsible for past or current substantive or procedural delays. *See*, *e.g.*, *Kaiser v. U.S. Postal Serv.*, 908 F.2d 47, 49-50 (6th Cir. 1990) (holding that exhaustion was not futile where "most, if not all, of the delay [in processing appellant's grievance] was caused by appellant's unwillingness to comply with the union's demand that it be furnished with original documents"); *Wagner*, *supra*, 905 F.2d at 129 (rejecting employee's argument that "his investment of five years and $10,000 in expenses justifies his endeavor to bypass the PRB" and noting that the "prolonged process culminating the [the current] appeal . . . is attributable largely to [the employee's] repeated attempts to prematurely obtain judicial review of his claims").

Even where a substantial period of time has elapsed since the aggrieved employee's first appeal, courts are reluctant to conclude that unreasonable delay would result from enforcement of the exhaustion requirement. *See*, *e.g.*, *Ryan*, *supra*, 929 F.2d at 1110 ("Within the span of the nine

years at issue, there were three separate appeals, each necessitating investigations and hearings. . . . Delay is virtually unavoidable where a grievance is endlessly appealed.”).

In considering whether unreasonable delay would result from the imposition of the exhaustion requirement, a court may also consider the time limitations in the union constitution. *See Adkins v. United Mine Workers of Am.*, 1995 WL 441630, *7 (6th Cir.) (holding that exhaustion would not have unreasonably delayed employees’ opportunity to seek judicial review, union members by law could not be required to spend more than four months on internal appeals, and union’s constitution provided for expedited appeals).

Plaintiffs contend that the length of time involved in processing certain grievances constitutes unreasonable delay. The longest amount of time for an appeals process in one of plaintiffs examples is four and one-half years. Plaintiffs do not provide any evidence that the union constitution requires faster resolution of the claims or that other claims were processed more quickly than theirs. With no internal standard of comparison, the court must look to its precedent. The Sixth Circuit has found up to nine years to be reasonable. *See*, *Ryan*, *supra*, 929 F.2d at 1110. Given the pace at which their appeals have been processed, plaintiffs cannot be excused from exhausting internal remedies under this factor.

**Conclusion**

Meeting any of the three factors of hostility, inadequate relief, or delay would excuse an aggrieved employee from exhausting internal union remedies. The plaintiffs fail, however, to show that any of the three factors is present in this case. Therefore, plaintiffs are not excused from exhaustion and may continue to pursue relief through the internal union procedures.

For the foregoing reasons, it is hereby

ORDERED THAT the defendants' motion for summary judgment [Doc. 112] be, and the same is hereby granted.

So ordered.

<div style="text-align:right">

s/James G. Carr
James G. Carr
Chief Judge

</div>